# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2020

Lyle W. Cayce
Clerk

No. 19-20487

UNITED STATES OF AMERICA,

Plaintiff- Appellee

v.

JOSHUA ROBERT BYRD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-163-1
USDC No. 4:18-CV-3409

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Joshua Robert Byrd, federal prisoner # 23998-479, who pleaded guilty to felony possession of a firearm, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion and its grant of the Government's motion for a judgment on the record. He argues that his guilty plea was involuntary because he was not advised that his relevant conduct could be used to enhance his sentence; that sentencing him based upon

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his relevant conduct was unconstitutional based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013); that counsel was ineffective in connection with his plea for failing to advise him that he could be sentenced based upon his relevant conduct; that counsel was ineffective at sentencing and on appeal for failing to challenge the use of relevant conduct in determining his sentence; and that the district court erred in adopting the magistrate judge's recommendation that summary judgment be granted in favor of the Government. He abandons any challenge to the district court's denial of his claim that his prior Texas conviction for aggravated robbery no longer constitutes a crime of violence for purposes of U.S.S.G. § 2K2.1. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected constitutional claims on the merits, "[t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When the district court has denied relief based on procedural grounds, a COA should be granted "when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] stated a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Byrd has failed to make the required showing. *See id*. His motion for a COA is denied. To the extent that Byrd challenges the denial of an evidentiary hearing, that ruling is affirmed. *See Norman v. Stephens*, 817 F.3d 226, 234-35 (5th Cir. 2016).

COA DENIED; AFFIRMED.